UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDWARD JAMES HARRIS,

               Petitioner,

   v.

ROBERT JACKSON,

               Respondent.

CASE NO. C25-6146 BHS

ORDER

THIS MATTER is before the Court on Magistrate Judge David W. Christel's Report and Recommendation (R&R), recommending the Court deny pro se petitioner Edward Harris's § 2254 habeas petition as time barred, deny a § 2253(c) certificate of appealability, and dismiss the case. Dkt. 13.

In 2009, Harris was convicted of first-degree assault in Pierce County Superior Court, and sentenced to life in prison without the possibility of parole under Washington's "three strikes" rule. He appealed, and his conviction and sentence were affirmed. The state supreme court denied review on February 2, 2011. Dkt. 13 at 2 (citing Dkt. 12-1). Harris filed a personal restraint petition (PRP) in March 2011, which the Washington court of appeals denied in April 2012. *Id*. Harris filed additional PRPs in

ORDER - 1

2016, 2018, 2023, and 2025. *Id*. Each was denied in state court. Harris filed this habeas petition in December 2025. He asserts, as he did in his PRPs, that one of his "strikes" (a 1995 assault conviction) should not count because it was "washed out" under Washington law. Dkt. 8 at 3.

The R&R concludes that Harris's direct review became final May 3, 2011, and that AEDPA's one year limitations period was tolled until his initial PRP was denied on April 19, 2012. Dkt. 13 at 4 (citing Dkt. 21-1). It concludes that Harris had until April 22, 2013, to file a habeas petition. It concludes that none of Harris's subsequent PRPs statutorily tolled the AEDPA limitations period, and that he is not otherwise entitled to equitable tolling. It concludes that Harris's petition is time barred, that no evidentiary hearing is required, and that Harris is not entitled to a certificate of appealability. *Id*. at 5–7.

A district court "shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); *see also* Fed. R. Civ. P. 72(b)(3). It must modify or set aside any portion of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

The Court must "review the Magistrate Judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (citing § 636(b)(1)(C)). A proper objection requires "specific

written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "[I]n providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Accordingly, when a district court adopts a magistrate judge's recommendation, the district court is required to merely "indicate[] that it reviewed the record de novo, found no merit to . . . [the] objections, and summarily adopt[s] the magistrate judge's analysis in [the] report and recommendation." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). In so doing, district courts are "not obligated to explicitly address [the] objections." *Id.* at 437.

Harris has objected to the R&R. Dkt. 14. He argues that his 1995 assault conviction should not count as a strike because he did not have another felony conviction for more than ten years after his release, and that as a result, his prior conviction should not have counted as a strike. *Id.* (citing RCW 9.94a.525(2)(b)). He asserts he is "actually innocent" and that AEDPA's one-year limitations period does not apply. *Id.* at 5–12.

Prisoners asserting innocence as a gateway to procedurally defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *House v. Bell*, 537 U.S. 518, 537 (2006). Harris does not claim and has not demonstrated that he is innocent of any of the crimes for which he was convicted.

ORDER - 3

Respondent Jackson argues that under AEDPA, a federal court "shall not" grant a writ of habeas corpus unless the state court decision took an "unreasonable" view of the facts or law. *Mays v. Hines.*, 592 U.S. 385, 391 (2021) (citing 28 U.S.C. § 2254(d)). See Dkt. 11 at 8–9. The "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). *Id*. at 9. Federal habeas relief is not available for errors of state, as opposed to federal, law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

The Court agrees that Harris's habeas petition is time barred. Neither "actual innocence" nor equitable tolling applies to alter that conclusion. The errors of which he claims are of state, not federal law. Harris's objections are **OVERRULED**, and the R&R is **ADOPTED**. Harris's habeas petition is **DENIED**, and the Court will not issue a certificate of appealability.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

Dated this 15th day of June, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4